STATE (*Hudson, Com.*) *v.* GEORGE E. CLEAVELAND.

To continue a wooden awning, erected prior to the passage of the ordinance of the city of Providence, in relation to sidewalks, *Held,* not a violation of that ordinance.

THIS case came up on certiorari from the Police Court of the city of Providence. The defendant, Cleaveland, was complained against in that Court for that "he did spread or suffer some person in his employ to spread an awning over one of the sidewalks in said city," the same not being of cloth or canvas." The complaint was made on the 7th day of February, 1855. To this charge he pleaded that the awning referred to was erected and put up, as it was at the entering of this complaint against him, on the first day of July, 1848, and before the passage of the city ordinance for the breach of which this complaint was made. The ordinance went into effect on the first day of September, 1854. The complainant demurred to this plea, which demurrer was sustained by the Police Court and the respondent adjudged guilty.

*Lapham,* for the defendant, contended first, that the acts of the defendant, as set forth in the pleadings, were not a violation of the ordinance upon which the complaint was grounded; and secondly, that if those acts

were a violation of it, the ordinance was in fact a law *ex post facto*, and therefore unconstitutional and void.

*Clark, City Solicitor of Providence,* for the State, contra.

STAPLES, C. J.—This complaint was instituted under the third section of the city ordinance in relation to sidewalks. City Ord. p. 182. The former part of the section declares that no awning shall be placed or continued over any sidewalk, unless the same shall be constructed of cloth or canvass and supported by iron rods, and every part of such awning and of the supports thereof shall be at least eight feet above the sidewalk," but no penalty is attached to any breach of this clause. It then continues " and every person who shall spread or suffer any person or persons in his employment to spread any awning contrary to the provisions of this section, shall forfeit and pay the sum of ten dollars." The respondent is charged with a breach of this clause of the ordinance. His plea clearly shows that he has not broken the same. When he erected and put up his awning, he had full legal right so to do. No city ordinance was in existence forbidding it. Since September 1, 1854, he has neither spread or authorized to be spread any awning against the ordinance of the city. He has continued an awning over a sidewalk, other and different from the awnings prescribed by that ordinance and against its provisions, but no penalty is affixed to that act, and the complaint is not prosecuted for a breach of that clause of it.

The judgment of the Police Court was erroneous, and the proceedings must be quashed.